UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARRITTE FUNCHES,  )
  )
    Plaintiff,  )    3:09-cv-00343-LRH-VPC
  )
vs.  )
  )    **ORDER**
GERALD THOMPSON, *et al.*,  )
  )
    Defendants.  )
_____/

    Plaintiff, a state prisoner, proceeds *pro se* in this civil rights action, filed pursuant to 42 U.S.C. § 1983. Plaintiff sues fifty-one defendants, alleging multiple claims that prison officials violated his constitutional rights.

    Plaintiff has also filed a motion for a temporary restraining order and an identical motion for preliminary injunctive relief. (Docket #7 and #8). In his motions, plaintiff complains that he has not received adequate medical care. Specifically, plaintiff claims that he has prostate and kidney problems, and that prison officials have failed to render adequate testing and treatment. Plaintiff seeks an injunction directing prison officials to transfer him to a regional medical facility and place him under the care of a urologist for full diagnosis and treatment of his conditions. (Docket #7 and #8).

    Preliminary injunctive relief is an extraordinary remedy, and the right to relief must be both clear and unequivocal before a court will grant an injunction. *See Schrier v. University of CO,* 427 F.3d 1253, 1258 (10th Cir. 2005). A request for injunctive relief that goes beyond simply maintaining the status quo, "is particularly disfavored, and should not be issued unless the facts and

1  law clearly favor the moving party." *Anderson v. United States,* 612 F.2d 1112, 1114 (9th Cir. 1979),
2  *See Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1319-20 (9th Cir. 1994).  A preliminary injunction will
3  only be granted if the requesting party demonstrates either: (1) a combination of probable success on
4  the merits and the possibility of irreparable harm; or (2) the existence of serious questions going to
5  the merits and the balance of hardships tips sharply in favor of the requesting party.  *LGS Architects,*
6  *Inc. v. Concordia Homes of Nevada,* 434 F.3d 1150, 1155 (9th Cir. 2006); *Sony Computer*
7  *Entertainment Am., Inc. v. Bleem, LLC,* 214 F.3d 1022, 1025 (9th Cir. 2000); *Winter v. Natural*
8  *Resources Defense Council*, 129 S.Ct. 365 (2008).  The two formulations represent a sliding scale
9  where the degree of irreparable harm required increases as the probability of success decreases.  *Id.*
10 A movant with questionable claims does not meet the likelihood of success criterion.  *Grupo*
11 *Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 340 (1999).
12      In this case, the facts and law do not favor plaintiff.  A prisoner's claim of inadequate
13 medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the
14 level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106
15 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First,
16 the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511
17 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official
18 must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but
19 less than conduct undertaken for the very purpose of causing harm.  *Farmer v. Brennan*, 511 U.S. at
20 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of
21 and disregards an excessive risk to inmate health or safety." *Id.*  Mere 'indifference,' 'negligence,' or
22 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622
23 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.
24      The exhibits attached to plaintiff's motions for injunctive relief indicate that he has been
25 given medications and testing for his urologic issues.  Plaintiff submits documentation of prison
26 staff's response to his medical care issues as of March 2009: "Your GFR is under 59 (>59).  This is
27 normal.  Your PSA is 0.7.  This is normal.  Your kidneys and prostate functions are normal."
28 (Medical Grievance and Response, dated March 18, 2009, at p. 55 of Docket #7).  Plaintiff's

attachments to his motions belie his claim of deliberate indifference to serious medical needs. Moreover, plaintiff has not demonstrated that he is subject to irreparable harm, or that he is likely to succeed on the merits of his claim regarding medical care. Plaintiff's motions for preliminary injunctive relief will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motions for a temporary restraining order and preliminary injunction (Docket #7 and #8) are **DENIED.**

DATED this 29th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE