1  CATHERINE CORTEZ MASTO
   Attorney General
2  KELLY S. WERTH
   Deputy Attorney General
3  Nevada Bar No. 6860
   Bureau of Litigation
4  100 N. Carson Street
   Carson City, Nevada 89701-4717
5  Telephone: (775) 684-1260

6  *Attorneys for NDOC Defendants*



FILED ___   RECEIVED ___
ENTERED ___   SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 1 2 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

7

8               **IN THE UNITED STATES DISTRICT COURT**

9                     **DISTRICT OF NEVADA**

10

11 MARRITTE FUNCHES,                     Case No. 3:09-cv-00343-LRH-VPC

12                    Plaintiff,

13 v.                                    **STIPULATED PROTECTIVE ORDER
                                          AND PROTECTIVE ORDER**

14 E.K. McDANIEL, et al.

15                    Defendants.

16

17         In order to protect the confidentiality of confidential information obtained by the parties

18 in connection with this case, the parties hereby agree as follows:

19         1.     Any party or non-party may designate as "confidential" (by stamping the relevant

20 page or otherwise set forth herein) any document or response to discovery which that party or

21 non-party considers in good faith to contain information involving trade secrets, or confidential

22 business or financial information, or confidential inmate information including, but not limited

23 to, pre-sentence investigation reports, victim information, Inspector General investigation

24 reports, Serious Threat Group validation records, and/or medical records, subject to protection

25 under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where

26 a document or response consists of more than one page, the first page and each page on

27 which confidential information appears shall be so designated.

28 / / /

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the

1  pendency or after the termination of the action only upon good cause shown and upon order

2  of the Court) before being shown or given any Confidential Information and provided that if the

3  party chooses a consultant or expert employed by the Defendant(s) (as listed on Appendix A),

4  the party shall notify the opposing party, or designating nonparty, before disclosing any

5  Confidential Information to that individual and shall give the opposing party an opportunity to

6  move for a protective order preventing or limiting such disclosure;[1]

7         (e)    any authors or recipients of the Confidential Information;

8         (f)    the Court, Court personnel, and court reporters; and

9         (g)    witnesses (other than persons described in paragraph 4(e)).  A witness shall

10  sign the Certification before being shown a confidential document.  Confidential Information

11  may be disclosed to a witness who will not sign the Certification only in a deposition at which

12  the party who designated the Confidential Information is represented or has been given notice

13  that Confidential Information shall be designated "Confidential" pursuant to paragraph 2

14  above. Witnesses shown Confidential Information shall not be allowed to retain copies.

15         5.     Any persons receiving Confidential Information shall not reveal or discuss such

16  information to or with any person who is not entitled to receive such information, except as set

17  forth herein.

18         6.     No party or non-party shall file or submit for filing as party of the court record any

19  documents under seal without first obtaining leave of court.  Notwithstanding any agreement

20  among the parties, the party seeking to file a paper under seal bears the burden of

21  overcoming the presumption in favor of public access to papers filed in court.

22         7.     A party may designate as "Confidential" documents or discovery materials

23  produced by a non-party by providing written notice to all parties of the relevant document

24  numbers or other identification within thirty (30) days after receiving such documents or

25  discovery materials.   Any party or non-party may voluntarily disclose to others without

26  restriction any information designated by that party or non-party as confidential, although a

27  document may lose its confidential status if it is made public.

28

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

---

[1] To-date, no party hereto has designated any consultants or expert witnesses in this matter.

3

Case 3:09-cv-00343-LRH -VPC   Document 92   Filed 07/07/11   Page 4 of 10

8.     If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material.  The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.   The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9.     Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)     the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b)     the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)     the Court rules the material is not confidential.

10.     All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

/ / /

/ / /

1    12.    Nothing herein shall be deemed to waive any applicable privilege or work
2  product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure
3  of material protected by privilege or work product protection.

4    13.    Any witness or other person, firm or entity from which discovery is sought may
5  be informed of and may obtain the protection of this Order by written advice to the parties'
6  respective counsel or by oral advice at the time of any deposition or similar proceeding.

7    14.    The Plaintiff and the NDOC Defendants have previously exchanged certain
8  documents as initial disclosures pursuant to Federal Rule of Civil Procedure 26.  The NDOC
9  Defendants have provided certain documents that have been identified as being Confidential
10  Information, and have designated them as such in their Index of Defendants' Disclosures to
11  Plaintiff, also being previously provided to the parties.  The parties hereto stipulate and agree
12  that these documents are retroactively subject to this Protective Order, and the terms and
13  conditions herein.

14    15.    Given Plaintiff's incarcerated status and the nature of Confidential Information,
15  the parties hereby stipulate and agree that, while certain Confidential Information relevant to
16  Plaintiff's claims may be disclosed to him, he must not possess any document(s) containing
17  such Confidential Information as it may adversely affect the safety and security of the Plaintiff,
18  other inmates, staff and/or the institution.

19    16.    The NDOC Defendants contend that certain Confidential Information must not
20  be provided or disclosed to Plaintiff including, but not limited to, Confidential Information
21  regarding separatees and/or confidential informants for safety and security purposes.  The
22  NDOC Defendants reserve the right to provide Plaintiff with redacted copies of certain

23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1   Confidential Information and/or provide the other parties with notice that certain Confidential

2   Information will not be provided.  Any party may object to the redaction and/or notice in the

3   manner set forth in paragraph 8.

4          IT IS SO STIPULATED AND AGREED.

5

6

7   By:      /S/ JEFFREY S. BLANK            Date:      July 7, 2011
            JEFFREY S. BLANCK, ESQ.
8           Nevada State Bar #3913
            485 W. Fifth St.
9           Reno, NV 89503

10          *Attorney for Plaintiff, Marritte Funches*

11

12

13

14  By:      /S/ BRENT L. RYMAN             Date:      July 7, 2011
            BRENT L. RYMAN, ESQ.
15          Erickson Thorpe & Swainston, Ltd.
            99 W. Arroyo St.
16          Reno, NV 89505

17          *Attorney for Defendants, Mike Stolk and*
18          *Martin Sorenson*

19

20

21  By:    _____      Date:      July 7, 2011
22          KELLY S. WERTH
            Deputy Attorney General
23          Office of the Attorney General
            100 N. Carson St.
24          Carson City, NV 89701

25
            *Attorney for NDOC Defendants*
26

27

28

IT IS SO ORDERED

U.S. MAGISTRATE JUDGE

DATED: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# EXHIBIT A

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in _____, Case No. _____.  I have been given a copy of that Order and read it.  I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information - including copies, notes, or other transcriptions made therefrom - in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information- including copies, notes or other transcriptions made therefrom- to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.



By: _____     Date:_____

1          **PROTECTIVE ORDER**

2          Having considered the preceding **STIPULATED PROTECTIVE ORDER,** as agreed to

3    by the parties hereinabove, and good cause having been shown,

4          IT IS HEREBY ORDERED that the Stipulated Protective Order as set forth hereinabove

5    is granted.

6    Dated this _____ day of _____, 2011.

7

8

9                                        _____
                                         UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

1

2     I certify that I am an employee of the Office of the Attorney General, State of Nevada,

3     and that on this 7th day of July, 2011, I caused to be served a copy of the foregoing

4     **STIPULATED PROTECTIVE ORDER AND PROTECTIVE ORDER**, by U.S. District Court

5     CM/ECF Electronic Filing, on the following interested parties:

6

7     JEFFREY S. BLANCK ESQ.
      485 W. FIFTH ST
      RENO, NV 89503

8

9     BRENT L. RYMAN, ESQ.
      ERICKSON, THORPE & SWAINSTON, LTD
10    99 WEST ARROYO ST
      RENO, NV. 89509

11

12

13

14                                              _____
                                                       KELLY S. WERTH
15

16

17

18

19

20

21

22

23

24

25

26

27

28