**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| MARRITTE FUNCHES,              )<br>                                              )<br>                      Plaintiff,   )<br>                                              )<br>vs.                                       )<br>                                              )<br>GERALD THOMPSON, et al.,  )<br>                                              )<br>                      Defendants. )<br>_____) | Case No. 3:09-cv-00343-LRH-PAL<br><br>**ORDER**<br><br>(Mot for Order - Dkt. #124)<br>(Mot for Leave to File - Dkt. #126) |

The court conducted a hearing on Plaintiff's Motion for an Order (Dkt. #124) on October 16, 2012, and also addressed Defendants' Motion for Leave to File Dispositive Motion (Dkt. #126), and counsel for the Co-Defendants' Joinder (Dkt. #127). The Plaintiff, who is a pro se inmate, appeared telephonically. Kelly Werth appeared telephonically on behalf of the Defendants represented by the Nevada Attorney General's Office, and Brent Ryman appeared telephonically on behalf of the remaining Defendants.

Mr. Funches indicated that he made a settlement offer to the Defendants and was ready to discuss settlement and requested a settlement conference. If the Defendants do not wish to settle this case, he wants to bring this case to trial. Counsel for the Defendants requested that the court grant leave to file dispositive motions. Mr. Werth indicated that the Attorney General's Office received a letter from Mr. Funches dated October 19, 2011, containing his offer to settle this case which was forwarded to the clients. The Plaintiff's offer was rejected by the clients, among other reasons, because it demanded changes of policy the NDOC believed would be detrimental to the security of NDOC facilities. Mr. Ryman indicated that he had not received any offer to settle, but was interested in discussing settlement with Mr. Funches. Counsel for the Defendants urged the court to enlarge the time for filing dispositive motions, and give them 45 days to file dispositive motions

This case was initially filed July 1, 2009. The complaint was screened and a First Amended Complaint (Dkt. #25) was filed March 8, 2010. Judge Cooke was initially assigned as the magistrate judge in this case. She conducted a hearing on January 24, 2011, on the parties' Notices of Intent Not to Proceed with Mediation (Dkt. ##34, 38). The original Scheduling Order (Dkt. #43) was entered January 3, 2011, which established an April 3, 2011, discovery cutoff and related case management deadlines. Dispositive motions were due by May 3, 2011.

Judge Cooke stayed this case for sixty days between January 30, 2011, and April 1, 2011, because the Plaintiff was transferred to an out-of-state prison. She also ordered that the Defendants provide a status report on April 1, 2011, concerning Plaintiff's return to Nevada custody and other matters, indicating the court would then issue a scheduling order. Plaintiff filed a motion for temporary restraining order and other proceedings took place. A Scheduling Order (Dkt. #78) was entered May 27, 2011, establishing an October 25, 2011, discovery cutoff and a November 28, 2011, deadline for filing dispositive motions. The scheduling order was entered after Judge Cooke conducted a hearing on May 27, 2011, discussing the amended joint case management report submitted by the parties. A follow-up case management conference was held June 27, 2011.

Judge Cooke recused, and this case was reassigned to Judge McQuaid on July 25, 2011. It was subsequently reassigned to the undersigned on September 15, 2011, upon Judge McQuaid's retirement. Plaintiff filed a Motion to Extend Time (Dkt. #104) on September 27, 2011. The NDOC Defendants filed a Limited Opposition to the Motion (Dkt. #106) on October 14, 2011. Defendants Sorenson and Stolk filed a Joinder (Dkt. #107) October 17, 2011. The opposition and joinder asked the court to limit any extension of the discovery cut off to 90 days rather than the 120 days Plaintiff requested. On the same day the motion to extend time was filed the Plaintiff filed a Motion to Substitute himself pro se in place of his attorney, Jeffrey Blanck.

The court entered an Order and Report of Findings and Recommendation on April 12, 2012 (Dkt. #122) denying Plaintiff's motion to extend discovery and recommending that Plaintiff's motion for a temporary restraining order and preliminary injunction be denied. *See* Order and Report of Findings and Recommendation (Dkt. #122). The motion to extend time was denied because Plaintiff did not comply with LR 26-4, and it appeared Plaintiff essentially wanted to start the case over after relieving counsel

and appearing pro se for the second time. No objections to the Order or Report and Recommendation were filed, and on May 22, 2012, the district judge adopted and accepted the Report and Recommendation. *See* Order (Dkt. #123). No other proceedings occurred in this case until Plaintiff filed his Motion (Dkt. #124) on August 30, 2012.

During the October 16, 2012, hearing, counsel for the Defendants had no explanation for why they did not seek leave to file dispositive motions six months earlier, when the court denied the Plaintiff's motion to extend time. Counsel for the Defendants indicated that they believed the court would grant Plaintiff's request for an extension of the discovery deadlines, but had no explanation for why they waited almost six months after the motion was denied to file a request to file dispositive motions. This case is now more than three-and-a-half years old. As the deadline for filing dispositive motions ran November 28, 2011, the Defendants must show excusable neglect for their failure to comply with the court's discovery plan and scheduling order deadlines. A request for an extension after the expiration of the deadline "shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect." LR 6-1(b). The Defendants have not demonstrated excusable neglect. In fact, they have provided no explanation at all for their failure to act since the court's April 12, 2012 order denied Plaintiff's request for an extension of the discovery plan and scheduling order deadlines.

The court therefore denies the Defendants' request to re-open the court's discovery plan and scheduling order deadlines to allow them to file dispositive motions more than a year after the court-established deadline has run. The court will, however, conduct a mandatory settlement conference before requiring the parties to lodge the joint pretrial order.

**IT IS ORDERED** that:

1. Plaintiff's Request to Conduct a Settlement Conference (Dkt. #`124) is **GRANTED**. The court will enter a separate order scheduling the settlement conference delineating the parties' responsibilities for submitting confidential settlement memoranda and the content of the memoranda.

2. Defendants' Motion for Leave to File Dispositive Motion (Dkt. #126) and Joinder (Dkt. #127) are **DENIED**.

3. Counsel for the Attorney General shall inquire whether video conference facilities compatible with the court's video conference facilities are available to allow the Plaintiff to participate in the mandatory settlement conference via video conference. The Attorney General's Office shall also make all necessary arrangements with the appropriate officials at the Limon, Colorado facility where the Plaintiff is incarcerated for the Plaintiff to participate in the mandatory settlement conference.

Dated this 17th day of October, 2012.

_____
Peggy A. Leen
United States Magistrate Judge